UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAZEL PRIMOUS,<br><br>                    Plaintiff,<br><br>      -against-<br><br>SARKIS, et al.,<br><br>                    Defendants. | 24-CV-6128 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Rochester, New York, brings this action *pro se*. Plaintiff invokes the Court's federal question and diversity jurisdiction. For the following reasons, this action is transferred to the United States District Court for the Western District of New York.

### DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff makes the following allegations:

> I'm reporting the US armed forces for the town of Greece recruiter Scott Wheeler, Scott Walsh HR of Monroe county board, Scott trost of social security administration for sexual harassment of . . . Hazel Primous. I call Rochester

headquarters of army national guards, Safeline[.] [T]hey wanted me to report sexual assault. I said it's sexual harassment.

(ECF 1 at 5.)[1]

Plaintiff thus alleges that these events giving rise to her claims took place in Rochester and the Town of Greece, New York, which are both in Monroe County. Plaintiff also refers to unspecified "wrongdoing by Penfield [H]igh School recruiters," (*id.* at 6), which appears to be a reference to the Penfield Central School District in Monroe County. Monroe County is in the Western District of New York, 28 U.S.C. § 112(d), not in this district.

Plaintiff sues numerous defendants for whom she provides addresses in Rochester, New York (Richard Sarkis, Scott Walsh, Jackie Ortiz), and others for whom she has not provided any address or alleged facts about domicile. Plaintiff also names Defendants "CIA of NYC and US armed forces," for which she provides an address in Bronx County. Although Plaintiff has not specifically included allegations about where any defendant resides, it is possible that venue lies in this district under Section 1391(b)(1) based on the residence of defendants.

It is also not clear whether venue is proper in this district under Section 1391(b)(2) based on the location where the claims arose. In response to a question the complaint form about where her claims arose, Plaintiff writes "CIA of NYC and Rochester, US armed forces and board elections," but the complaint does not seem to allege any facts about events in New York City.

Even if venue is proper in the district where a case was brought, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider: (1) the convenience of witnesses; (2) the convenience of the parties;

---

[1] The Court quotes from the complaint verbatim. All spelling, punctuation and grammar are as in the original unless noted otherwise.

2

(3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer under Section 1404(a) appears to be appropriate in this case. The events underlying most claims appear to have taken place in Monroe County, and it is reasonable to expect that relevant witnesses also would be in Monroe County. Plaintiff also resides in Monroe County, and her choice of this forum is thus entitled to less deference. The Western District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Western District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. Plaintiff has not paid the filing fees or applied to proceed

*in forma pauperis*. A summons shall not issue from this Court. This order closes the case in this district.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  August 15, 2024
          New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                       Chief United States District Judge